## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

THOMAS MORLEY,
>    Appellant,

>    v.

DEPARTMENT OF VETERANS
>    AFFAIRS,
>    Agency.

DOCKET NUMBER
PH-0714-18-0023-I-1

DATE: April 23, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Edward Clement Sweeney, Esquire, Exton, Pennsylvania, for the appellant.

Angela Madtes, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal pursuant to 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective October 13, 2017, the agency removed the appellant from his licensed practical nurse position at its medical center in Coatesville, Pennsylvania pursuant to 38 U.S.C. § 714, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, § 202(a), 131 Stat. 362 (DVAAWPA). Initial Appeal File (IAF), Tab 4 at 27. According to the agency, in or around July 2017, the appellant's supervisor learned of a Facebook post showing that the appellant was working as a real estate agent for Long & Foster Real Estate while on approved leave for a serious health condition pursuant to the Family and Medical Leave Act. *Id.* at 160. Thereafter, the agency tasked two agency police officers with investigating the appellant's real estate activities. *Id.* at 147. The police officers contacted the appellant undercover, pretended to be interested in buying a house, and had the appellant show them a house that was for sale. *Id.* Subsequently, the agency proposed the appellant's removal based on three charges of unauthorized absence, obtaining leave under false pretense, and lack of candor. *Id.* at 30-32. After affording the appellant an opportunity to respond, the deciding official issued a removal decision, finding that the charges were supported by substantial evidence. *Id.* at 34-36.

The appellant filed a Board appeal, challenging his removal and raising affirmative defenses of disability discrimination and harmful procedural error based on the agency's alleged improper investigation of him. IAF, Tab 1 at 3; Tab 21 at 13-14; Tab 23 at 2. After holding the appellant's requested hearing, the administrative judge issued an initial decision, sustaining the appellant's removal. IAF, Tab 38, Initial Decision (ID). During the course of the hearing, the agency withdrew its charge of obtaining leave under false pretense after failing to produce an agency policy that provided it authority to conduct its off-site investigation into the appellant's real estate activities and conceding that it lacked

the requisite authority.[2]  ID at 4-6.  The administrative judge found that the agency proved its lack of candor charge but did not prove its unauthorized absence charge.  ID at 11-19.  He further found that the appellant failed to prove his affirmative defenses.  ID at 11, 20-22.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in reviewing the proposed removal for substantial evidence was harmful.</u>

The agency's deciding official sustained the appellant's removal based on her conclusion that substantial evidence supported the charges.  IAF, Tab 4 at 34. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) decided *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence burden of proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714.  The court found that substantial evidence is the standard of review to be applied by the Board, not the burden of proof to be applied by the agency.  *Id.* at 1298-1300.  The Court reasoned that, because 38 U.S.C. § 714 requires that an agency's deciding official "determine" whether "the performance or misconduct . . . warrants" the action at issue, the deciding official must use a preponderance of the evidence burden of proof.  *Id.* at 1297-99.  The Federal Circuit's decision in *Rodriguez* applies to all

---

[2] In *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020), the U.S. Court of Appeals for the Federal Circuit held that the DVAAWPA cannot be used to discipline an employee for misconduct that occurred before June 23, 2017, the effective date of the Act.  The material events underlying the obtaining leave under false pretense charge occurred both before and after the effective date of the Act. IAF, Tab 4 at 30.  Because the agency withdrew the charge, however, we need not address the effect of *Sayers* on the charge.  There is not a similar problem with the other two charges, both of which involve events that took place after the effective date of the Act.  *Id*. at 30-31.

pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22; *see Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (recognizing that a new precedential Federal Circuit decision applied to all cases pending with the Board).

The administrative judge and the parties did not have the benefit of *Rodriguez* and therefore were unable to address its impact on this appeal. Accordingly, we remand this appeal for adjudication of whether the agency's application of the substantial evidence standard of proof was harmful error. *See Semenov*, 2023 MSPB 16, ¶ 22. A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to reach a different conclusion from the one it would have reached in the absence or cure of the error. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving his affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge shall provide the parties with an opportunity to present additional evidence and argument, including a supplemental hearing, if requested by the appellant, addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error.

<u>On remand the administrative judge should determine, if applicable, whether the agency proved by substantial evidence that the penalty of removal was reasonable.</u>

The administrative judge found that, under the DVAAWPA, no analysis of the factors set forth in *Dougla*s *v. Veterans Administration*, 5 M.S.P.R. 280 (1981) (*Douglas* factors) was required or allowed because the agency need not establish that the charges have a connection to the efficiency of the service and the Board may not mitigate the agency's chosen penalty. ID at 7. At the time of the initial decision, however, the administrative judge did not have the benefit of the Federal Circuit's decision in *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1379 (Fed. Cir. 2020), in which the Court held that,

notwithstanding the lack of authority to mitigate the penalty, the Board is required to review the entirety of the decision, including the penalty in section 714 cases. *See Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-27 (Fed. Cir. 2021); *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1323 (Fed. Cir. 2021). Accordingly, the Board must apply the *Douglas* factors in considering the reasonableness of the penalty and, if it finds that the agency failed to consider the *Douglas* factors or that the penalty the agency imposed is unreasonable, it must remand the appeal to the agency for redetermination of the penalty. *Connor*, 8 F.4th at 1326-27. On remand, the administration judge shall permit the parties to submit additional evidence and argument, including a supplemental hearing, if requested by the appellant, on the penalty issue. The administrative judge shall then review the penalty and determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors, and that the penalty was reasonable.

## ORDER

For the reasons discussed above, we remand this appeal to the Northeastern Regional Office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. *See Semenov*, 2023 MSPB 16, ¶ 24. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors, and the penalty was reasonable.[3] The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the agency's proof of its charges and the appellant's affirmative defense of harmful error based on the agency's

---

[3] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.

alleged improper investigation.[4] He may also incorporate into the remand decision, if appropriate, his prior findings regarding disability discrimination, but in doing so he must apply the analytical framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, which was issued by the Board after the administrative judge issued the initial decision and changed the analytical framework for addressing discrimination claims.[5]

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] If any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue in this appeal, he should address such argument or evidence in the remand decision.

[5] The change in analytical framework articulated in *Pridgen* does not appear to provide a basis to disturb the administrative judge's findings. Regarding the appellant's claim of status-based disability discrimination, which was based on the appellant's allegation that an agency investigator mocked him and "laughed" at his mental illness, the administrative judge, after carefully considering the evidence, including the hearing testimony, found that the appellant's claim was "simply a fabrication." ID at 21. Thus, regarding this claim, the appellant clearly failed to establish motivating factor, and the administrative judge correctly denied it. We discern no basis to disturb that finding. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so).